# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIMOTHY DURLEY,

           Plaintiff,

v.                                       Case No. 22-CV-585

ROBERT RYMARKEWICZ,

           Defendant.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Timothy Durley, who is incarcerated at Waupun Correctional Institution and representing himself, brings this lawsuit under 42 U.S.C. § 1983. Durley was allowed to proceed on an Eighth Amendment excessive force claim and a Fourteenth Amendment due process claim against the defendant, Robert Rymarkewicz. The defendants filed a motion for partial summary judgment for failure to exhaust administrative remedies, asserting that Durley did not properly exhaust his administrative remedies related to his Eighth Amendment excessive force claim. (ECF No. 22.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 5, 17.) The motion is fully briefed and ready for a decision.

## PRELIMINARY MATTERS

Durley filed a "Rebuttal Argument In Opposition to the Defendant's Reply." (ECF No. 37.) The court will construe this as a motion to file a sur-reply brief. District courts are entitled to treat *pro se* submissions leniently, *see Grady v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016), and it appears that Durley made a good faith effort to try to comply with Civil L.R. 7(i). Also, whether to grant a party leave to file a sur-reply brief is a question within the court's discretion. "The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief." *Merax-Camacho v. U.S.*, 417 F. App'x 558, 559 (7th Cir. 2011) (citing *Schmidt v. Eagle Waste & Recycling, Inc.,* 599 F.3 626, 631 n. 2 (7th Cir. 2010)). "In some instances, allowing a filing of a surreply 'vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision.'" *Univ. Healthsystem Consortium v. United Health Group, Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014) (quoting *In re Sulfuric Acid Antitrust Litg.,* 231 F.R.D. 320, 329 (N.D. Ill. 2005)).

Durley's sur-reply clarifies his argument on how he did in fact put the institution on notice that Rymarkewicz used excessive force. Substantively, the arguments in the sur-reply are similar to the arguments raised in Durley's response materials. As such, Rymarkewicz's reply applies to the contents of the sur-reply. The court will grant Durley's motion and consider the materials from the sur-reply where appropriate.

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

# EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act states in part that "[n]o action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court and produces a "useful administrative record" upon which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

*Relevant Procedure for Exhausting Administrative Remedies*

The Inmate Complaint Review System (ICRS) is the main process an inmate must use to bring a grievance to the attention of the institution at which he is confined. Wis. Admin Code § DOC 310.04. An inmate must file a formal written inmate complaint regarding whatever issue he wishes to raise within 14 calendar days of the conduct giving rise to the complaint occurring. Wis. Admin. Code § DOC 310.07(2). The complaint must clearly identify the issue the inmate seeks to complain about and must be limited to one issue at a time. Wis. Admin. Code § DOC 310.07(5).

4

Once an inmate files a complaint, the institution complaint examiner (ICE) may either accept, reject, or return the complaint. Wis. Admin. Code § DOC 310.10(2). A complaint may be rejected for any of the nine reasons stated in Wis. Admin. Code § DOC 310.10(6)(a)-(i). An inmate may appeal a rejected complaint to the appropriate reviewing authority within 10 days. Wis. Admin. Code § DOC 310.10(10). A complaint may be returned within 10 days of receipt if it fails to meet filing requirements, including if the inmate complaint raises more than one issue. Wis. Admin. Code § DOC 310.10(5). An inmate has 10 days in which to correct the deficiencies. Wis. Admin. Code § DOC 310.10(5).

Once the ICE accepts the complaint, the ICE makes a recommendation to the Reviewing Authority. Wis. Admin. Code § DOC 310.10(12). The Reviewing Authority has 15 days after receiving the recommendation to either affirm or dismiss the complaint in whole or in part. Wis. Admin. Code § DOC 310.11(1)-(2). Within 14 days after the date of the reviewing authority's decision, an inmate may appeal the reviewing authority's decision to the Corrections Complaint Examiner (CCE). Wis. Admin. Code § DOC 310.12(1). Appeals may not exceed 500 words and may not exceed two pages. Wis. Admin. Code § DOC 310.09(2)(e). Appeals must also be "limited to the issue raised in the original complaint." Wis. Admin. Code § DOC 310.09(2)(g).

The CCE then has 45 days in which to make a recommendation to the Office of the Secretary of the DOC or to notify the inmate that more time is needed. Wis. Admin. Code § DOC 310.12(9). The CCE "may recommend rejection of an appeal not filed in accordance with § DOC 310.09." Wis. Admin. Code. § DOC 310.12(5). The

5

Secretary then has 45 days in which to make a decision following receipt of the CCE's recommendation. Wis. Admin. Code § DOC 310.13(1). If an inmate does not receive a decision from the Secretary within 90 days of receipt of the appeal in the CCE's office, he may consider his administrative remedies exhausted. Wis. Admin. Code § DOC 310.13(4).

*Durley's Claims*

Durley was allowed to proceed on an Eighth Amendment excessive force claim against Rymarkewicz for allegedly leaving Durley in unnecessarily tight handcuffs for four hours on March 16, 2022. (ECF No. 24, ¶ 8.) He was also allowed to proceed on a Fourteenth Amendment due process claim against Rymarkewicz for allegedly failing to review Durley's "three-man escort restriction," which is supposed to be reviewed every thirty days. (*Id.*) Rymarkewicz moves for summary judgment on exhaustion grounds only on the Eighth Amendment claim.

*Durley's Attempts to Exhaust His Administrative Remedies*

Rymarkewicz states that, after diligently searching the institution's records for relevant inmate complaints, he determined that Durley did not file an inmate complaint related to his excessive force claim. (ECF No. 24, ¶¶ 9, 13.) Rymarkewicz further asserts that there are three potentially relevant inmate complaints—WCI-2021-1208; WCI-2021-7186, and WCI-2022-12582—but none of these demonstrate that Durley exhausted his administrative remedies on an excessive force claim. (*Id*, ¶¶ 10-13.) All three complaints concern his Fourteenth Amendment Claim—

6

specifically, his claim requesting that his three-man restriction be properly reviewed. (ECF Nos. 25-2; 25-3; 25-4).

In his response Durley asserts that his inmate complaint WCI-2022-4781 addresses his Eighth Amendment claim. (ECF No. 29 at 1.) He notes that Rymarkewicz did not provide this inmate complaint in his materials supporting his motion for partial summary judgment. (*Id.*) In reply, Rymarkewicz provided that inmate complaint. (ECF No. 36-1.)

Rymarkewicz notes that inmate complaint WCI-2022-4781 only complained about Durley being poisoned and made no mention of tight handcuffs. (ECF No. 36, ¶ 2; ECF No. 36-1 at 11-13.) In his sur-reply Durley asserts that he initially complained about tight handcuffs but the inmate complaint was returned to him because it contained more than one issue and he was instructed to pick one issue and refile the complaint. (ECF No. 37 at 3.) As such, Durley resubmitted the inmate complaint with the portions concerning the tight handcuffs redacted. (*Id.*; ECF No. 36-1 at 13.) As amended, his complaint was dismissed. (ECF No. 36-1 at 2-3.)

Durley also asserts, and Rymarkewicz does not dispute, that he mentioned the tight handcuffs in his appeal of the dismissal of his inmate complaint. (ECF No. 37 at 2; ECF No. 36, ¶ 2.) Durley further states that in his initial complaint he requested that "Rymarkewicz [] be held accountable for his actions." (ECF No. 37 at 1.)

*Analysis*

Durley asserts he functionally exhausted his administrative remedies because inmate complaint WCI-2022-4781 initially included a complaint that Rymarkewicz

7

put him in unnecessarily tight handcuffs, and his appeal of the dismissal of this inmate complaint also addressed this issue. However, that is not enough to exhaust his administrative remedies related to that claim. "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules.'" *Jones,* 549 U.S. at 218 (quoting *Woodford* 548 U.S. at 88). The prison grievance process determines the applicable procedure. *Id*.

While Durley's initial version of his inmate complaint may have included a complaint about Rymarkewicz using too-tight handcuffs, that complaint was returned to Durley for failing to comply with the procedure which limits each complaint to one issue. The ICE found that Durley had raised two issues—poisoning and excessive force—-and, as admitted by Durley, he was instructed to pick one claim and refile his complaint, which he did. However, he chose to proceed with the poisoning complaint and not the excessive force complaint. Had he wanted to pursue a claim for excessive force, Durley could have filed a separate inmate complaint raising that issue. He did not. And while Durley now argues that his inmate complaint did *not* raise two separate issues because the use of handcuffs was related to the poisoning, the court does not review the substantive decisions of the ICE, who determined that the issues were separate. *See Pritle v. Cooper*, Case No. 15-CV-685, 2015 WL 4773166 at * 3 (E.D. Wis. Aug 12, 2015).

Similarly, the fact that Durley included complaints about excessive force in his appeal of the dismissal of inmate complaint WCI-2022-4781 did not exhaust his

8

administrative remedies related to an excessive force claim. The inmate complaint procedure limits appeals of inmate complaints to the issue raised in the underlying complaint, which means Durley was limited to appealing the dismissal of his poisoning claim. Raising an issue for the first time on appeal is not enough to exhaust his administrative remedies. *See Harrison v. Iverson* Case No. 16-cv-594-jdp, 2018 WL 1245736 at *4 (W.D. Wis. Mar. 9, 2018).

Inmate complaint WCI-2022-4781 in the only inmate complaint in the record that is relevant, and it does not demonstrate that Durley exhausted his Eighth Amendment excessive force claim. As such, the court grants Rymarkewicz's motion for partial summary judgment and dismisses the Eighth Amendment excessive force claim without prejudice for failure to exhaust administrative remedies. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020). The court will issue a separate amended scheduling order resetting the discovery and dispositive motion deadlines.

### ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Durley's motion to file a sur-reply (ECF No. 37) is **GRANTED**.

**IT IS FURTHER ORDERED** that Rymarkewicz's motion for partial summary judgment (ECF No.22) is **GRANTED**. The Eighth Amendment excessive force claim is **DISMISSED without prejudice** for failure to exhaust plaintiff's administrative remedies.

Dated at Milwaukee, Wisconsin this 20th day of July, 2023.

BY THE COURT

_William E. Duffin_
WILLIAM E. DUFFIN
United States Magistrate Judge